```
1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  WARNER BROS. RECORDS INC.;
   INTERSCOPE RECORDS; VIRGIN
8  RECORDS AMERICA, INC.; LAFACE
   RECORDS LLC; ARISTA RECORDS
9  LLC; and UMG RECORDINGS, INC.
```

**ORIGINAL FILED**
AUG 21 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**WDB**

SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; LAFACE RECORDS LLC, a Delaware limited liability company; ARISTA RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation,
  Plaintiffs,

v.

CHAD DECKER,
  Defendant.

CASE NO. **C 07 4292**

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

---

Complaint for Copyright Infringement
Case No.
#31915 v1

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, Chad Decker, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

5. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

6. Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

7. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

8. Plaintiff LaFace Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

9. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

10. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

11.     Plaintiffs are informed and believe that Defendant is an individual who resided in Pinole, California, within this District at the time of the infringement complained of herein. Upon information and belief, Defendant may still be found in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

12.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

13.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

14.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

15.     Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

16.  Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. Two computers cannot effectively function if they are connected to the Internet with the same IP address at the same time.

17.  Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP address 67.180.189.184 on March 2, 2007 at 06:47:45 EST distributing 210 audio files over the Internet. The Defendant was identified as the individual responsible for that IP address at that date and time. Plaintiffs are informed and believe that as of March 2, 2007, Defendant, without the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

18.  In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing.

19.  Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

1  These published copies were widely available, and each of the published copies of the sound
2  recordings identified in Exhibit A was accessible by Defendant.
3      20.    Plaintiffs are informed and believe that the foregoing acts of infringement have been
4  willful and intentional, in disregard of and indifference to the rights of Plaintiffs.
5      21.    As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights
6  under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for
7  Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to
8  their attorneys' fees and costs pursuant to 17 U.S.C. § 505.
9      22.    The conduct of Defendant is causing and, unless enjoined and restrained by this
10 Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated
11 or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502
12 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing
13 Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in
14 violation of Plaintiffs' exclusive rights.
15     WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:
16     1.    For an injunction providing:

17-25  "Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

26     2.    For statutory damages for each infringement of each Copyrighted Recording
27 pursuant to 17 U.S.C. § 504.
28     3.    For Plaintiffs' costs in this action.

4

Complaint for Copyright Infringement
Case No.
#31915 v1

1      4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

2      5.    For such other and further relief as the Court may deem just and proper.

Dated: August 21, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; INTERSCOPE RECORDS; VIRGIN RECORDS AMERICA, INC.; LAFACE RECORDS LLC; ARISTA RECORDS LLC; and UMG RECORDINGS, INC.

---

5

Complaint for Copyright Infringement
Case No.
#31915 v1

# Exhibit A

# EXHIBIT A

## CHAD DECKER

**IP Address:** 67.180.189.184 2007-03-02 06:47:45 EST         **CASE ID#** 120260458

**P2P Network:** Gnutella                                       **Total Audio Files:** 210

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| SONY BMG MUSIC ENTERTAINMENT | Pearl Jam | Alive | Ten | 137-787 |
| Warner Bros. Records Inc. | Green Day | When I Come Around | Dookie | 185-457 |
| Interscope Records | No Doubt | Don't Speak | Tragic Kingdom | 206-724 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | Without You | Music Box | 178-631 |
| Virgin Records America, Inc. | Smashing Pumpkins | Disarm | Siamese Dream | 169-635 |
| LaFace Records LLC | Toni Braxton | Un-Break My Heart | Secrets | 233-892 |
| Arista Records LLC | Whitney Houston | Didn't We Almost Have It All | Whitney | 89-966 |
| UMG Recordings, Inc. | Nirvana | All Apologies | In Utero | 172-276 |
| LaFace Records LLC | Toni Braxton | Breathe Again | Toni Braxton | 208-619 |
| SONY BMG MUSIC ENTERTAINMENT | Jessica Simpson | Where You Are | Sweet Kisses | 276-117 |