MATTHEW FRANKLIN JAKSA (STATE BAR NO. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999

Attorney for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.;
INTERSCOPE RECORDS; VIRGIN
RECORDS AMERICA, INC.; LAFACE
RECORDS LLC; ARISTA RECORDS
LLC; and UMG RECORDINGS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; VIRGIN RECORDS AMERICA, INC., a California corporation; LAFACE RECORDS LLC, a Delaware limited liability company; ARISTA RECORDS LLC, a Delaware limited liability company; and UMG RECORDINGS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>Chad Decker,<br><br>Defendant. | Case No.: C 07-04292 WDB<br><br>**Related Cases**:<br><br>STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION |

Plaintiffs and Defendant hereby stipulate to the following terms, and that the Court may enter a final Judgment and Permanent Injunction in favor of Plaintiffs and against Defendant without further notice or appearance by the parties, as follows:

1. Defendant shall pay to Plaintiffs in settlement of this action the total sum of $10,150.00.

2. Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $550.00.

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

   a) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

   b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download)

any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third party that has used the Internet connection and/or computer equipment owned or controlled by Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

4.  Defendant has been properly and validly served with the Summons and Complaint in this action, and is subject to the jurisdiction of the Court.

5.  Defendant irrevocably and fully waives notice of entry of the Judgment and Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

6.  Defendant irrevocably and fully waives any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

7.  Nothing contained in the Judgment and Permanent Injunction shall limit the right of Plaintiffs to recover damages for any and all infringements by

Defendant of any right under federal copyright law or state law occurring after the date Defendant executes this Stipulation to Judgment and Permanent Injunction.

8. Defendant acknowledges that Defendant has read this Stipulation to Judgment and Permanent Injunction, and the attached [Proposed] Judgment and Permanent Injunction, has had the opportunity to have them explained by counsel of Defendant's choosing, fully understands them and agrees to be bound thereby, and will not deny the truth or accuracy of any term or provision herein. Defendant is at least 18 years old and is otherwise legally competent to enter into this Stipulation to Judgment and Permanent Injunction.

9. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this final Judgment and Permanent Injunction.

Dated: 12/17/07

HOLME ROBERTS & OWEN LLP
MATTHEW FRANKLIN JAKSA (STATE BAR NO. 248072)

By  *s/ Matthew Franklin Jaksa*
Matthew Franklin Jaksa
Attorney for Plaintiffs
SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; INTERSCOPE RECORDS; VIRGIN RECORDS AMERICA, INC.; LAFACE RECORDS LLC; ARISTA RECORDS LLC; and UMG RECORDINGS, INC.

Dated: 11/12/07

By  Chad Decker, *in propria persona*